I concur in the rationale and judgment of the main opinion insofar as it affirms the affirmance of the judgment in favor of the defendant Hospital on the plaintiff Britt's worker's compensation claim. I further concur in the main opinion in its analysis of § 25-5-52 and §25-5-53, Ala. Code 1975, and concur in the holdings as well, to the effect that these two Code sections embodying the exclusivity provisions of the Workers' Compensation Act do not bar Britt's tort claims against the Hospital.
I do not agree to reject the rationale of the Court of Civil Appeals for its conclusion that the exclusivity provisions do not bar Britt's tort claims. Rather, this rationale by the Court of Civil Appeals is a correct and consistent alternative and complement to our own rationale for the same conclusion.
I respectfully dissent from the main opinion and its judgment insofar as it reverses the Court of Civil Appeals in its reversal of the summary judgment in favor *Page 343 
of the Hospital on Britt's tort claims. The record contains substantial evidence that Britt's injuries resulted proximately from violations of duties imposed on the Hospital by § 25-1-1(a), Ala. Code 1975, as follows:
 "Every employer shall furnish employment which shall be reasonably safe for the employees engaged therein . . . and shall adopt and use methods and processes reasonably adequate to render such employment . . . reasonably safe for his employees . . ., and he shall do everything reasonably necessary to protect the life, health and safety of his employees. . . ."
The plain meaning of these provisions in no way restricts these duties to the physical conditions of the workplace. Imposing a dangerously exhausting schedule on an employee may be a violation of these duties. I respectfully submit that we should affirm the Court of Civil Appeals in its reversal of the summary judgment against Britt on her tort claims against the Hospital.